UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GRIFFIN,

                              Plaintiff,

v.                                                  8:16-CV-0914
                                                               (GTS/DJS)

THOMAS P. DiNAPOLI, N.Y.S. Comptroller,

                              Defendant.[1]
_____

APPEARANCES:                                                OF COUNSEL:

KEVIN GRIFFIN, 04-A-6249
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN                  HELENA LYNCH, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed *pro se* by Kevin Griffin

("Plaintiff") against Thomas P. DiNapoli, Comptroller of the State of New York ("Defendant"),

---

[1] Although the Caption and various portions of Plaintiff's Complaint name only "Defendant" in this action, i.e., Thomas P. DiNapoli (*see, e.g.,* Dkt. No. 1, at ¶¶ 4, 33), the caption and various portions of the Compliant–perhaps intentionally or perhaps as a typographical error–reference multiple unnamed "Defendants" (*see, e.g.,* Dkt. No. 1, at ¶¶ 4, 18, 34). Because the Court finds that the foregoing analysis of Plaintiff's claims remains the same regardless of the resolution of this issue, the Court does not resolve this issue.

is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 20.)[2] For the reasons set forth below, Defendant's motion is granted.

I. RELEVANT BACKGROUND

A. Plaintiff's Complaint

Generally, in his Complaint, Plaintiff alleges as follows. On July 1, 1988, Plaintiff was hired as a police officer by the Town of Crawford Police Department. (Dkt. No. 1 at ¶ 19 [Plf.'s Compl.].) On July 19, 2001, Plaintiff was involved in a motor vehicle accident while on duty. (*Id.* at ¶ 20.) On September, 24, 2003, Daniel P. McCann, Police Chief of the Town of Crawford, filed applications with the New York State and Local Police and Fire Retirement System ("Retirement System") for Tier 1 and 2 Accidental Disability benefits and Police and Fire Retirement Disability Incurred in the Performance of Duty benefits (collectively, "Disability Benefits"), on the basis that Plaintiff was unable to perform the duties of a police officer. (*Id.* at ¶ 21.)

On May 18, 2004, Kathleen A. Nowak, Director of Disability Processing with the Office of the New York State Comptroller ("OSC"), denied both of Plaintiff's applications for

---

[2] In addition to relying on the (asserted) pleading insufficiency of Plaintiff's claims expressly under Fed. R. Civ. P. 12(b)(6), Defendant's motion to dismiss relies on the statute of limitations and doctrine of *res judicata*. (Dkt. No. 28.) To the extent that both of the latter grounds are (as here) based on the face of a complaint (as well as documents attached thereto, incorporated by reference therein and/or of which the court may take judicial notice), they are properly relied on in a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); (statute of limitations); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000) (*res judicata*). As a result, the Court construes the entirety of Defendant's motion to dismiss as arising under Fed. R. Civ. P. 12(b)(6).

Disability Benefits, "without fifty-six pages of [P]laintiff's medical reports." (*Id.* at ¶ 22; *accord*, Dkt. No. 1, Attach. 1, at 18-19 [OSC Determinations].)[3] On July 20, 2004, Plaintiff filed a request for a redetermination hearing, and a hearing was scheduled for November 18, 2004. (Dkt. No. 1 at ¶¶ 23-24.) The scheduling notice stated, in part, that the "sole purpose" of the hearing was "to dismiss your application(s) because of your failure to prosecute this claim. . . . This hearing has *not* been scheduled to go into the merits of your claim. *You are expected to present evidence at this hearing **only** on the issue of whether your application(s) should be dismissed.*" (Dkt. No. 1, Attach. 1, at 25 [Notice of Hearing, dated 10/21/2004] [emphasis in original].)

On November 17, 2004, Plaintiff's counsel requested that the hearing be adjourned. (Dkt. No. 1 at ¶ 25.) On March 16, 2005, Plaintiff's counsel sent Plaintiff's medical records to the Retirement System, and asked that it notify her of the date on which Plaintiff's hearing would be held. (*Id.* at ¶ 26.) On November 15, 2011, the Town Attorney for the Town of Crawford notified the Retirement System that the Town of Crawford was withdrawing any and all disability retirement applications filed on Plaintiff's behalf, "without any new evidence to substantiate said withdrawal." (*Id.* at ¶ 27; *accord,* Dkt. No. 1, Attach. 1, at 32 [Letter from J. Benjamin Gailey to Retirement System. dated 11/15/2011] ["This letter confirms that the Town of Crawford formally withdraws any and all disability retirement applications pertaining to former police office [*sic*] Kevin Griffin."].)

---

[3] Citations to the exhibits attached to Plaintiff's Complaint refer to the pagination generated by CM/ECF, the Court's electronic filing system.

"On November 16, 2011," the Retirement System scheduled a telephone hearing with a hearing officer, Hon. Jack Economou. (Dkt. No. 1 at ¶ 28; *accord*, Dkt. No. 1, Attach. 1, at 34-37 [Notice of Hearing, dated 10/12/2011, regarding a hearing scheduled for 11/16/2011].)[4] Plaintiff "requested counsel," but the hearing officer denied his request. (Dkt. No. 1 at ¶ 28.) On January 8, 2012, Plaintiff "filed a response to the Retirement System regarding the November 16, 2011 [h]earing as to why [he] should be granted disability benefits." (*Id.* at ¶ 29.) On January 25, 2012, the hearing officer found that Plaintiff's applications for Disability Benefits should be denied, and OSC adopted the hearing officer's findings. (*Id.* at ¶ 30; *accord*, Dkt. No. 1, Attach. 1, at 39-42 [Decision, dated 1/25/2012].)[5]

Based upon the foregoing allegations, Plaintiff claims that Defendant's decision denying his applications for Disability Benefits was arbitrary and capricious, and violated his "Due Process Rights." (*Id.* at ¶¶ 33-34.) With respect to relief, Plaintiff requests that the Court grant him Disability Benefits. (*Id.* at ¶ 36.)

---

[4] The scheduling notice advised Plaintiff that "[t]he Retirement System has the right to raise any issue relating to benefit eligibility during the course of the hearing[, and i]f issues not specified in the determination are raised, the applicant will have a full and fair opportunity to present evidence addressing them." (Dkt. No. 1, Attach. 1, at 36.) Moreover, the scheduling notice stated that "the applicant must be prepared to present all witnesses; lay, medical experts, where required, and/or other experts whose testimony will be offered by the applicant in his or her behalf." (*Id.*)

[5] The hearing officer's written decision following Plaintiff's redetermination hearing explains that, although the Town of Crawford withdrew the requests for Disability Benefit that it filed on Plaintiff's behalf, "and because [Plaintiff] himself had an interest in the applications and in the proceeding . . . a hearing was held on November 16, 2011." (Dkt. No. 1, Attach. 1, at 40 [Decision].) The hearing officer reviewed Plaintiff's medical evidence, concluded that Plaintiff had not established that he was permanently incapacitated from performing his duties as a police officer, and, on that basis, denied Plaintiff's applications for Disability Benefits. (*Id.* at 41.)

4

Attached to Plaintiff's Complaint are numerous exhibits (including various decisions, orders, and judgments), as well as a "Memorandum of Law" containing factual allegations in numbered paragraphs as well as legal arguments. (Dkt. No. 1, Attach. 2.) In the "Memorandum of Law," Plaintiff appears to assert the following claims: (1) a claim that "[t]he Retirement System" violated his "Due Process Rights" and his right to a speedy trial under the Sixth and Fourteenth Amendments of the U.S. Constitution and New York Criminal Procedure Law ("CPL") § 30.20; (2) a claim that the hearing officer violated his right to counsel under the Sixth Amendment to the U.S. Constitution and Article I, Section 6 of the New York State Constitution, when the hearing officer denied his request for an adjournment to retain counsel; (3) a claim that he was denied "a fair hearing" because (a) his hearing notice stated that the purpose of the hearing was not to consider the merits of his claim, and (b) the hearing officer's decision was not supported by substantial evidence; (4) a claim that Defendant violated Article V, Section 1 of the New York State Constitution, by making an "administrative" medical determination regarding his disability; (5) a claim that his applications for Disability Benefits were supported by substantial evidence demonstrating that he is unable to perform his duties as a police officer; and (6) a claim that Defendant's determination denying his applications for Disability Benefits was arbitrary, capricious, and against the weight of the evidence. (Dkt. No. 1, Attach. 2, at ¶¶ 6-110.) With respect to each of these claims, Plaintiff alleges that he exhausted his administrative remedies by raising them during his proceeding in New York State court pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"). (Dkt. No. 1, Attach. 2, at ¶¶ 21, 26, 48, 54, 86, 111.)

**B.     Relevant Procedural History**

As he alleges in his Complaint, Plaintiff commenced an Article 78 proceeding in New York State Supreme Court, Albany County, which dealt with the same facts involved in the present case. (Dkt. No. 1 at ¶¶ 5-6.) The Article 78 proceeding was transferred to the New York State Supreme Court, Appellate Division, Third Department. (*Id.* at ¶ 7.)

In a decision entered on May 29, 2014, the Third Department confirmed OSC's determination denying Plaintiff's applications for Disability Benefits. *Griffin v. DiNapoli*, 117 A.D.3d 1355, 1356 (N.Y. App. Div. 3d Dep't 2014). As the Third Department explained,

> [t]he Comptroller credited the report of neurologist James Storey, who noted that petitioner had a cervical disk herniation but nevertheless found no evidence of radiculopathy and no neurologic disability. Another neurologist agreed with Storey that no evidence existed to support a diagnosis of either neurological disability or radiculopathy. Thus, despite evidence in the record that could support a different result, these rational and fact-based opinions provide substantial evidence to support the Comptroller's determination[.]

*Griffin*, 117 A.D.3d at 1356.

According to Plaintiff, on July 24, 2014, the Third Department denied his motion for reconsideration. (Dkt. No. 1 at ¶ 8.) On September 16, 2014, the New York Court of Appeals denied Plaintiff's motion for leave to appeal from the Third Department's decision. *Griffin v. DiNapoli*, 24 N.Y.3d 903 (N.Y. 2014). On November 25, 2014, the New York Court of Appeals denied Plaintiff's motion for rearguement of his motion for leave to appeal. *Griffin v. DiNapoli*, 24 N.Y.3d 1040 (N.Y. 2014). According to Plaintiff, on February 26, 2015, the Third Department denied his motion to renew; on May 14, 2015, the New York Court of Appeals denied his motion for leave to renew; and, on September 1, 2015, the New York Court of Appeals denied his motion to reconsider his motion to renew. (Dkt. No. 1 at ¶¶ 11-13.)

### C. Parties' Briefing of Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

Generally, in support of its motion to dismiss, Defendant advances three arguments: (1) all of Plaintiff's claims must be dismissed as time-barred under the three-year statute of limitations applicable to claims brought pursuant 42 U.S.C. § 1983, and Plaintiff has alleged no facts plausibly suggesting that tolling the limitations period is appropriate; (2) Plaintiff's due process claims under the Fourteenth Amendment must be dismissed because (a) he has failed to allege facts plausibly suggesting that (i) he had a property interest in the Disability Benefits for which he applied and (ii) he was denied any form of process at the November 16, 2011, hearing (such as notice or the opportunity to be heard), (b) to the extent that he alleges that his right to counsel was violated as a component of his due process claim, he had no right to appointed counsel at the administrative hearing, and (c) he had an adequate post-deprivation remedy in state court, of which he availed himself (i.e., his Article 78 proceeding); and (3) Plaintiff's claims must be dismissed pursuant to doctrine of *res judicata* because (a) identity of parties exists between this case and Plaintiff's state court proceedings, (b) this case involves the same series of transactions that were the subject of Plaintiff's state court proceedings (i.e., review of OSC's determination denying his applications for Disability Benefits), (c) Plaintiff could have raised his due process claims in his Article 78 proceeding, and (d) Plaintiff is, in essence, requesting that the Court "overrule" the denial of his applications for Disability Benefits. (Dkt. No. 20, Attach. 1, at 5-12 [Def.'s Memo. of Law].)

#### 2. Plaintiff's Opposition Memorandum of Law

Generally, liberally construing his opposition memorandum of law, Plaintiff advances three arguments: (1) his present claims are not time-barred because he was still exhausting his

7

remedies until September 1, 2015 (the date on which the New York Court of Appeals purportedly denied his motion to reconsider his motion to renew); (2) he has alleged facts plausibly suggesting that he was denied due process under the Fourteenth Amendment, specifically, that (a) the Retirement System failed to hold a timely hearing, (b) he was denied "the right to counsel" at the hearing, even though the hearing notice stated that he had the right to be represented by counsel, (c) he presented substantial medical evidence establishing his disability, and thus, that he had a "property interest" in the Disability Benefits, (d) OSC "failed to take into account all the medical evidence presented before the Hearing Officer," and (e) the initial denial of Plaintiff's applications for Disability Benefits was made without the benefit of 56 pages of medical evidence; and (3) "[t]he defendants [*sic*] are correct that" Plaintiff is, in this case, "raising issues which were also raised in" his Article 78 proceeding, including "that [he] was denied his due process rights in violation of" the Sixth and Fourteenth Amendments of the U.S. Constitution, and that he was denied his right to counsel and a timely hearing. (Dkt. No. 26 at 3-9 [Plf.'s Opp'n Memo. of Law].)

### 3. Defendant's Reply Memorandum of Law

Generally, in reply, Defendant advances four arguments: (1) Plaintiff's argument that the statute of limitations on his § 1983 claims should be measured from September 1, 2015, is erroneous because he was not required to exhaust his judicial remedies in his Article 78 proceeding before asserting his claims in federal court; (2) Plaintiff's claim that he was denied the right to counsel at his administrative hearing is belied by hearing notices filed by Plaintiff (which expressly stated that he has the right to be represented by counsel), and he had no legal right to appointed counsel; (3) Plaintiff has failed to allege facts plausibly suggesting that his

8

right to due process was violated, and, in any event, he had an adequate post-deprivation remedy under New York State law; (4) in his opposition memorandum of law, Plaintiff effectively conceded that his Complaint must be dismissed pursuant to principles of *res judicata*. (Dkt. No. 28 at 2-5 [Def.'s Reply Memo. of Law].)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in

detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* plaintiffs must follow.[7] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28 [citations omitted].[8]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

---

[6] *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[7] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[8] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[9]

## III. ANALYSIS

### A. Whether Plaintiff's Complaint Must Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for each of the reasons stated by Defendant in his memorandum of law and reply memorandum

---

[9] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

of law. (Dkt. No. 20, Attach. 1, at 5-12 [Def.'s Memo. of Law]; Dkt. No. 28 at 2-5 [Reply Memo. of Law].) To those reasons, the Court adds three points.

First, in his third argument in his opposition memorandum of law, Plaintiff concedes that he raised his present claims during the course of his state court proceedings. (Dkt. No. 26 [Plf.'s Opp'n Memo. of Law].) "An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims." *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001); *see also Pascazi v. Rivera*, 13-CV-9029, 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015) ("[I]ndividuals who bring Article 78 proceedings to challenge determinations against them are free to raise constitutional claims in such proceedings.") (internal quotation marks omitted). Moreover, "[w]hile claim preclusion may not apply when an Article 78 plaintiff subsequently seeks Section 1983 relief in federal court, that is only true 'if the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Materials of Westchester v. Town of Cortlandt*, 15-CV-3257, 2015 WL 9302838, at *7 (S.D.N.Y. Dec. 21, 2015) (quoting *Johns v. Rampe*, 333 F. App'x 644, 646 [2d Cir. 2009] [summary order] ["Here, because Johns does not seek damages, the Article 78 proceedings could have provided all the relief that he seeks. Thus, Johns's constitutional claims are barred by claim preclusion."]). In this case, Plaintiff applied for, and was denied, Disability Benefits; he sought, in state court, judicial review of the administrative determination denying his application for Disability Benefits by commencing an Article 78 proceeding; in this case, Plaintiff seeks the same relief that he sought in state court (i.e., that the Court "grant [him] . . . Disability Benefits" [Dkt. No. 1 at ¶ 36]); and, as he acknowledges in his opposition memorandum of law, he raised his

constitutional claims in the Article 78 proceeding. *See generally Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam) ("[A]ppellant expressly admits . . . that years ago [another case] disposed of the precise confinement claim he raises here."). Thus, Plaintiff could have (and did) raise his claims in the Article 78 proceeding.[10] Under these circumstances, the Court concludes that *res judicata* bars his claims in this case.

Second, even assuming that Plaintiff had not previously litigated (or had a full and fair opportunity to litigate) all of his claims in state court, his claims are time-barred. As Defendant correctly notes, "[t]he statute of limitations for [a] Section 1983 claim[] in New York is three years," and such a claim "accrues when the plaintiff knows or has reason to know of the harm." *McKenna v. Dinapoli*, 16-CV-0024, 2016 WL 7413490, at *5 (E.D.N.Y. Dec. 22, 2016) (internal quotation marks omitted); *accord*, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015); *see also Klein v. Zugabie*, 15-CV-9093, 2017 WL 374733, at *7 (S.D.N.Y. Jan. 24, 2017) (noting that "claims under the New York State Constitution are governed by the same limitations period [applicable to § 1983 claims] and are therefore . . . barred."). Plaintiff's argument that the limitations period should be measured from September 1, 2015 (i.e., the date on which the New York Court of Appeals denied his motion to reconsider his motion to renew) is misplaced because he was not required to exhaust his state law remedies to assert his claims. *See Smythe v. Bish*, 13-CV-1288, 2016 WL 3647693, at *2 (N.D.N.Y. July 1, 2016) (Kahn, J.) ("[W]hile Article 78 proceedings can be implicated in determining whether Plaintiff was

---

[10] "*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *EDP Med. Comput. Sys, Inc., v. U.S.*, 480 F.3d 621, 626 (2d Cir. 2007).

afforded due process, they are not themselves required in order for a plaintiff in a § 1983 suit to exhaust his state law remedies.") (citing *Lawrence v. Antonucci*, 144 F. App'x 193, 194 [2d Cir. 2005] [summary order] [noting that "litigants are generally not required to file an Article 78 proceeding before suing under § 1983"]). Plaintiff's claims (which are constitutional in nature and arise under § 1983) are therefore untimely.

Third, and finally, the Court accepts Defendant's argument that, even if Plaintiff's claims were not subject to dismissal for two the above-stated alternative reasons, Plaintiff has failed to allege facts plausibly suggesting any basis for relief in relation to the denial of his application for Disability Benefits. As a general matter, "[a] civil rights action . . . 'is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious.'" *Herlihy v. City of New York*, 654 F. App'x 40, 43 (2d Cir. 2016) (summary order) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 888 [2d Cir. 1987]) [noting that "it is the function of the federal courts to determine only whether the state has provided adequate avenues of redress to review and remedy arbitrary action"]). Here, "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes." *Locurto*, 264 F.3d at 175; *accord, Massi v. Flynn*, 353 F. App'x 658, 660 (2d Cir. 2009) (summary order) ("Massi did receive a hearing and has challenged the result of that hearing by bringing an Article 78 proceeding–an adequate pre- and post-deprivation procedure available under New York law.").[11]

---

[11] A few additional words are appropriate with respect to two aspects of Plaintiff's claims. First, with respect to Plaintiff's claim that his right to a "speedy trial" was violated, the Court construes this claim to be one that he was subjected to an unreasonable delay in receiving an administrative redetermination hearing with respect to his application for Disability Benefits. However, "Article 78 proceedings can be used to mandamus a state official to 'proceed expeditiously to resolve [a plaintiff's] claim' on which a decision is being unreasonably delayed or withheld.'" *Clark v. Kitt*, 12-CV-8061, 2014 WL 4054284, at *13 (S.D.N.Y. Aug. 15, 2014),

For each of these reasons, as well as those set forth in Defendant's memorandum of law, the Court finds that Plaintiff's Complaint must be dismissed.

B.  **Whether Plaintiff Must Be Granted Leave to Amend Prior to Dismissal**

Generally, before a district court dismisses a *pro se* action, the plaintiff will be allowed to amend his complaint. *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)

---

*aff'd*, 619 F. App'x 34 (2d Cir. 2015) (summary order) (quoting *N. Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 [2d Cir. 2001]); *accord*, *Clark v. DiNapoli*, 09-CV-1037, 2011 WL 4901330, at *10 (N.D.N.Y. Oct. 14, 2011) (McAvoy, J.) ("[T]o the extent [that] Plaintiff argues that the delay in providing a hearing constituted a violation of his right to due process of law, the availability of a remedy under Article 78 afforded him an adequate pre-deprivation remedy."). In this case, Plaintiff could have filed an Article 78 proceeding sounding in mandamus to compel agency officials to provide him with a timely hearing (a remedy of which he apparently did not avail himself), and he "did raise his due process claims numerous times during his Article 78 proceedings." (Dkt. No. 26 at 8 [Plf.'s Opp'n Memo. of Law].) Second, with respect to his "claim" that Defendant "violat[ed]" Article V, Section 1 of the New York State Constitution because neither this section nor New York State Finance Law § 8 "authorize the comptroller to make medical decisions or to review medical reports," Plaintiff's claim is lacking in merit. (Dkt. No. 1, Attach. 2, at ¶¶ 49-53.) The New York Retirement and Social Security Law grants OSC, among other things, the "exclusive authority to determine all applications for any form of retirement" provided for by the Retirement System. N.Y. Retire. & Soc. Sec. § 374(b). Assuming the truth of Plaintiff's factual allegations, he has not plausibly suggested any basis for concluding that OSC acted beyond its authority by adjudicating his claims for Disability Benefits.

("Our opinion today, of course, leaves unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility . . . .").

This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). This is because, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12. *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 214 & n.34 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases). Simply stated, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 214, n.28 (N.D.N.Y. 2008) (McAvoy, J.).

Here, the Court finds that the defects in Plaintiff's Complaint are substantive and not merely formal. *See, e.g., Steuerwald v. Cleveland,* 651 F. App'x 49, 51 (2d Cir. 2016) ("[A]ny additional amendment of [the plaintiff's] claims against Cleveland would have been futile because those claims were barred by res judicata."); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if . . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations."). For these reasons, the Court finds that Plaintiff should not be granted leave to amend before his Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: August 30, 2017
      Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge